(ORIGINAL)

# PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __LEE__   __ANTONE__   __J.__
       (Last)      (First)    (Initial)

Prisoner Number __V-88797__

Institutional Address __S.A.T.F STATE PRISON__

__P.O.BOX 5244 CORCORAN CA. 93212__

=============================================================

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

__MR. ANTONE LEE__  )
(Enter the full name of plaintiff in this action.)  )
                                                    )   Case No. CV 08 1200 PJH
vs.                                                 )   (To be provided by the clerk of court)
                                                    )
__MR. KEN CLARK__                                   )   PETITION FOR A WRIT
                                                    )   OF HABEAS CORPUS
                                                    )   EVIDENTARY HEARING
                                                    )   REQUESTED
                                                    )
(Enter the full name of respondent(s) or jailor in this action)  )

=============================================================

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS         - 1 -

1   Who to Name as Respondent

2       You must name the person in whose actual custody you are. This usually means the Warden or
3   jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4   you are imprisoned or by whom you were convicted and sentenced. These are not proper
5   respondents.
6       If you are not presently in custody pursuant to the state judgment against which you seek relief
7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack
9   was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE
11      1. What sentence are you challenging in this petition?
12          (a)   Name and location of court that imposed sentence (for example; Alameda
13                County Superior Court, Oakland):
14  HAYWARD SUPERIOR COURT, ALAMEDA COUNTY.   1225 FALLON STREET
                                                OAKLAND CA, 94612
15          Court                                 Location
16          (b)   Case number, if known # CR-36257
17          (c)   Date and terms of sentence ARRESTED, FEB. 4, 2003
                                              SENTENCED, JULY 12, 2005
18          (d)   Are you now in custody serving this term? (Custody means being in jail, on
19                parole or probation, etc.)    Yes ✓   No ___
20                Where?
21                Name of Institution: S.A.T.F CORCORAN STATE PRISON
22                Address: P.O. BOX 5244 CORCORAN CA, 93212
23      2. For what crime were you given this sentence? (If your petition challenges a sentence for
24  more than one crime, list each crime separately using Penal Code numbers if known. If you are
25  challenging more than one sentence, you should file a different petition for each sentence.)
26  SECOND DEGREE MURDER, PERSONALLY DISCHARGED A HANDGUN IN THE
27  COMMISSION OF THIS OFFENSE. P.C. 12022.5 SUBD. (A)(1);
28  12022.53, SUBDS. (A) THROUGH (D)

PET. FOR WRIT OF HAB. CORPUS          - 2 -

1  3. Did you have any of the following?
2     Arraignment:              Yes ✓   No ___
3     Preliminary Hearing:      Yes ✓   No ___
4     Motion to Suppress:       Yes ✓   No ___
5  4. How did you plead?
6     Guilty ___   Not Guilty ✓   Nolo Contendere ___
7     Any other plea (specify) _____
8  5. If you went to trial, what kind of trial did you have?
9     Jury ✓   Judge alone ___   Judge alone on a transcript ___
10 6. Did you testify at your trial?          Yes ___   No ✓
11 7. Did you have an attorney at the following proceedings:
12    (a)  Arraignment                Yes ✓   No ___
13    (b)  Preliminary hearing        Yes ✓   No ___
14    N/A (c)  Time of plea           Yes ___   No ___
15    (d)  Trial                      Yes ✓   No ___
16    (e)  Sentencing                 Yes ✓   No ___
17    (f)  Appeal                     Yes ✓   No ___
18    N/A (g)  Other post-conviction proceeding   Yes ___   No ___
19 8. Did you appeal your conviction?         Yes ✓   No ___
20    (a)  If you did, to what court(s) did you appeal?
21         Court of Appeal First App.   Yes ✓   No ___
22         District, Division One:
           Year: 2005   Result: Affirmed
23         Supreme Court of California   Yes ✓   No ___
24         Year: 2006   Result: Denied
25         Any other court California   Yes ✓   No ___
26         Supreme
           Year: 2007   Result: Denied
27
28    (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

|   |   |   |   |   |
|---|---|---|---|---|
| | | petition? | Yes ___ | No ✓ |
| | (c) | Was there an opinion? | Yes ___ | No ✓ |
| | N/(d) | Did you seek permission to file a late appeal under Rule 31(a)? | | |
| | | | Yes ___ | No ___ |

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes ___   No ✓

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: **California Supreme Court**

Type of Proceeding: **Petition For Writ of Habeas Corpus.**

Grounds raised (Be brief but specific):

a. **THE Court Committed Reversible**

b. **Error when it Instructed THE**

c. **Jury In Accordance With**

d. **CALJIC NO. 2.04.**

Result: **Denied**   Date of Result: **9-12-07**

N/A II. Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1  a._____

2  b._____

3  c._____

4  d._____

5  Result: _____ Date of Result:_____

6  N/A III.  Name of Court: _____

7  Type of Proceeding: _____

8  Grounds raised (Be brief but specific):

9  a._____

10  b._____

11  c._____

12  d._____

13  Result: _____ Date of Result:_____

14  N/A IV.  Name of Court: _____

15  Type of Proceeding: _____

16  Grounds raised (Be brief but specific):

17  a._____

18  b._____

19  c._____

20  d._____

21  Result: _____ Date of Result:_____

22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23  Yes \_\_\_\_    No ✓

24  No  Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26  State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: There was no Substantial Evidence that Petitioner was the Actual Perpetrator of the Offense.

Supporting Facts:

— SEE Attached Sheets —

Claim Two: The Court of Appeal Erroneously denied petitioner's claim the cumulative effect of

Supporting Facts: Instances of prosecutorial misconduct Requires Reversal of the Judgment

— SEE Attached Sheets —

Claim Three: The Court of Appeal erred in upholding the imposition of an additional Sentence of -25-

Supporting Facts: Years to life based on Penal Code Section 12022.53, Subdivision (D.)

— SEE Attached Sheets —

N/A If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

PET. FOR WRIT OF HAB. CORPUS          - 6 -

Ground 1., THERE WAS NO Substantial Evidence That Petitioner Was The Actual Perpetrator of the Offense

## Supporting Facts

1. Petitioner asserts that there was Insufficient
2. evidence to sustain a conviction. There was no
3. evidence that petitioner was the Actual perpetrator
4. of the crime. The eyewitness Identifications were
5. inherently unbelievable because the witnesses
6. conferred with one another on their stories, lied to
7. divert suspicion from, failed to agree on basic facts,
8. used drugs, committed acts of moral Turpitude, and
9. suffered from police and prosecution pressure, as
10. well as, stress lack of time and lack of opportunity
11. to observe. Petitioner asserts the trial court erred
12. reversibly in admitting the preliminary hearing
13. transcripts of Adam O'Dell Original statement
14. describing the events and identifying petitioner,
15. because at trial O'Dell freely admitted that he did
16. not remember telling the police that petitioner
17. showed him a .38 caliber Smith & Wesson handgun,
18. and the admission of the report itself lent his
19. demonstrably false pretrial statements as misleading
20. Aura of Authenticity. Petitioner asserts the
21. prosecution's case against petitioner fell far short
22. of these standards to begin with the identifying

6 of 1

1  witnesses at trial were thoroughly impeached by
2  their own palpable efforts to lie, which became
3  even more obvious in cross-examination. Indeed,
4  two of the four supposed identifications were
5  recanted at trial completly, with Calagnos, and
6  Aguilar put on the stands only to make liars
7  out of them. Thus, the prosecutor asked the
8  jury to accept the previous words of witnesses,
9  who in the prosecution's own view were now
10 committing perjury. As Aguilar, cynically
11 explained the assault on the victim, was the
12 topic of the day in the neighborhood. He felt free
13 to report rumors as his own observations because
14 he knew that petitioner at least knew the real
15 culprit and that was enough for him especially
16 when petitioner's conviction would serve their own
17 purposes of diverting suspicion from amoung
18 themselves. Petitioner asserts the witnesses
19 were not deliberately lying, nevertheless their
20 identifications, made under stress and with
21 little time and ability to observe are an
22 intrinsically poor basis for sustaining the
23 conviction, when there was no physical evidence
24 liking Petitioner to the crime.
25
26
27
28

**Ground 2.** <ins>The Court of Appeal erroneously denied Petitioner's claim that the cumulative effect of instances of prosecutorial misconduct requires reversal of the Judgment.</ins>

<ins>Supporting Facts</ins>

1. Petitioner asserts that the prosecutor used
2. deceptive and reprehensible methods in attempt
3. to persuade the court and the jury that if they
4. left the court room with a "gut feeling" that petitioner
5. was guilty, that feeling was the subconscious
6. mind "jumping through the hoops," and the jury
7. should follow that prompting with its collective
8. conscious mind. Petitioner asserts that these
9. remarks had a substantial and injurious effect
10. or influence in determining the jury's verdict.
11. The prosecutor appealed to these jurors to act
12. as a conscience of the community, and finding
13. petitioner guilty, was like doing their duty as
14. citizens to the community. Petitioner asserts the
15. illogic and unfairness of this inconsistent reasoning
16. alone supports reversal because these remarks
17. were not appropriate nor made in response to
18. statements or arguments made by the defense.
19. Petitioner asserts that the prosecutor continued
20. to engage in unethical or illegal behavior,

6 of 3

threatening witness and making inflammatory remarks. The prosecutor told the jury about what supposedly occurred that morning. "His daughter asked him what would happen if he lost the case. "Does that mean the bad guy goes free?" The prosecutor answered his daughter, "If I lose, that's usually what happens. The little girl explained, "Well," You can't let the bad guy go free, because he might hurt somebody else. The prosecutor ended his argument. "Well, we know who the bad guy is, the bad guy is sitting right in this chair. Don't let the bad guy go free. Thank You. Petitioner asserts that it was improper for the prosecutor to use methods calculated to produce a wrongful conviction. The Court of Appeal correctly noted that these arguments were improper, but held that their prejudicial effect was overcome by the trial court's admonishment not to considera these arguments. Petitioner asserts that the trial court admonishing the jury, did not cure the prejudicial effect. The jury may, "by way of demonstration, felt some sympathy for the prosecution's daughter, and yet had condemned petitioner. Needless to say, the prosecutor cross-examined

1. defense witness Paul Silva. In order to discredit
2. his credibility the prosecutor under cross-examination
3. told Silva that it was improper for him to speak
4. to witnesses in front of the jury prior to trial and
5. to imply that he had such contact with witnesses,
6. denied petitioner a fair trial because there was no
7. basis for asking Silva the question that amounted
8. to an accusation of witnesses and witness tampering
9. and it was improper for him to do so. (moreover) the
10. prosecutor's version of what constitutes reasonable
11. doubt was also a misstatement of the law. Therefore,
12. petitioner asserts that the relevant question is
13. whether the prosecutor's comments so infected the
14. trial with unfairness as to deprive petitioner a
15. fair trial. Petitioner asserts that it did. Petitioner
16. asserts the prosecutor's argument regarding
17. "gut feeling," in light of the jury instructions,
18. "as a whole," misled the jury.

6 of 5

Ground 3., The Court Of Appeal erred In upHolding the Imposition Of an Additional Sentence of -25- Years to Life Based On Penal Code Section 12022.53, Subdivision (d)

Supporting Facts

1. Petitioner Asserts that the trial Court erred when
2. it Sentenced him to an additional term of -25-
3. years to life. The general intent to increase
4. punishment found in penal Code Section 667, does
5. not Support the Superior Court's decision. Petitioner
6. recognize's that subdivision (f)(1) of Section 667
7. mandate's strike's Sentencing when a defendant
8. has one or more prior Serious felony convictions
9. As defined under subdivision (d.) However, the real
10. inquiry are at odds with the long-standing policy
11. which prevents the dilution of Section 654 by
12. requiring a clear expression of legislative intent
13. before assuming that an Enhancing provision is
14. intended to override section's 654, prohibition of
15. double punishment. Petitioner asserts an accusatory
16. pleading may charge two or more different offenses
17. connected together in their commission, or
18. different statements of the same offense or two
19. or more different offenses of the same class of
20. crimes or offenses, but the trial Court cannot
21. punish petitioner twice for one lethal act, by
22. Exposing Petitioner to a greater Potential Sentence,

1. Petitioner asserts that an act or omission that
2. is punishable in different ways by different
3. provisions of law shall be punished under the
4. provision that provides for the longest potential
5. term of imprisonment, but in no case shall the
6. act or omission be punished under more than
7. one.

Ground 4.,

<u>The Court Committed Reversible Error When It Instructed The Jury In Accordance With Caljic No. 2.04.</u>

<u>Supporting Facts</u>

1. Petitioner asserts that the trial Court erred when
2. it instructed the jury that if it found Petitioner
3. persuaded or attempted to persuade a witness to
4. testify falsely, or if he fabricated evidence, it
5. could use that evidence to show consciousness
6. of guilt. Petitioner asserts that this was
7. error for the trial Court to give this instruction
8. unless there was some evidence which, if
9. believed by the jury, would provide a factual
10. basis for the instructions. Petitioner asserts
11. that there was no evidence which, if believed
12. by the jury, would provide a factual basis for
13. the instructions. Alysia Duran, Petitioner's
14. girlfriend was also in custody because she failed
15. to appear in court. Alysia, came to Court on
16. the same bus as Petitioner. Since she was
17. wearing a red jumpsuit, which can be assumed
18. that the wearer was a "Snitch." Petitioner
19. asked her about why she was wearing a red
20. jumpsuit. The record shows that Alysia testified
21. after this episode, and she decided to testify

6 of 8

1. against petitioner, but there is nothing in the
2. record that supports more than a speculation
3. that petitioner was the cause of this decision.
4. There is no evidence that petitioner persuaded
5. or attempted to persuade this witness to
6. testify falsely. Therefore, the evidence against
7. petitioner was not sufficient which, if believed
8. by the jury, would provide a factual basis
9. for the instructions. Here, because the court
10. erred by admitting the instructions. The jury
11. must have assumed that petitioner tried to
12. persuade Alysia to testify falsely because he
13. was guilty of the murder of Roderick Kelly.
14. Petitioner asserts that this method persuaded
15. the jury and deprived petitioner a fair trial.

**GROUND 5.)** THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN PETITIONER'S SIXTH AMENDMENT RIGHT TO A JURY TRIAL WAS VIOLATED. BY IMPOSING AN UPPER TERM SENTENCE BASED ON AGGRAVATING FACTORS NOT FOUND TO BE TRUE BY THE JURY NOR ADMITTED

**SUPPORTING FACTS:**

1. PETITIONER CONTENDS THAT HE WAS DEPRIVED OF HIS SIXTH AMENDMENT
2. RIGHT TO A JURY TRIAL AND FOURTEENTH AMENDMENT RIGHT TO DUE
3. PROCESS. THE TRIAL COURT IMPOSED THE UPPER TERM OF 25 YEARS TO
4. LIFE BY RELYING ON AGGRAVATING FACTORS FOUND TRUE NEITHER BY A JURY
5. NOR BEYOND A REASONABLE DOUBT. THIS WOULD INDICATE THAT IN PETITIONER'S
6. CASE THE JUDGE USE OF UNFACTUAL ENHANCEMENTS NOR STATED FOR
7. THE RECORD SHOULD NOT HAVE BEEN USED AS "FACTS" WITHOUT A JURY'S
8. FINDING'S. THEREFORE WITHOUT SUCH FINDING'S THOSE FACTS ARE IN
9. VIOLATION OF THE SIXTH AMENDMENT. ALTHOUH HARMLESS ERROR ANALYSIS
10. APPLIES TO SUCH VIOLATIONS THE ERROR IN THE PRESENT CASE WAS NOT
11. HARMLESS BEYOND A REASONABLE DOUBT AND THE CASE IN THE
12. FURTHERANCE OF JUSTICE SHOULD AND MUST BE REMANDED FOR
13. RE-SENTENCING.

1    List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  (People v. Lopez, 2006 Cal. App. LEXIS 525, *13.)
5  (People v. Coffman and Marlow (2004) 34 Cal. 4th 1.
6  (People v. Hutchins (2001) 90 Cal. App. 4th 1308
7  Do you have an attorney for this petition?           Yes____   No ✓
8  If you do, give the name and address of your attorney:

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

13  Executed on  x. 2-24-08                      *signature*
14              Date                          Signature of Petitioner
                                              In-Pro-Per
                                              James Rice

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS         - 7 -

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANTONE LEE
**PLAINTIFF or PETITIONER**

v.

KEN CLARK (WARDEN)
**Defendant or Respondent**

Case Number:

**PROOF OF SERVICE**

I hereby certify that on 2.24.08, 2008, I served a copy of the attached PETITION FOR A WRIT OF HABEAS CORPUS, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at CORCORAN STATE PRISON:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA
94102-3483

I declare under penalty of perjury that the foregoing is true and correct.

*Antone Lee*

HATONE LEE Y-YYTTT
SATF CORCORAN
P.O. BOX 5244 C-8-109
CORCORAN ▇▇ 93212

**LEGAL MAIL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
456 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA
94102-3483



RECEIVED
FEB 27 2008

