1

2

3      UNITED STATES DISTRICT COURT

4      NORTHERN DISTRICT OF CALIFORNIA

5

6

7  ANTONE LEE,

8                          Petitioner,              No. C 08-1200 PJH (PR)

9     vs.                                           **ORDER TO SHOW CAUSE;**
                                                    **GRANT OF LEAVE TO**
10  KEN CLARK, Warden,                              **PROCEED IN FORMA**
                                                    **PAUPERIS**
11                          Respondent.
    _____/

12

13         Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has

14  filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He also

15  requests leave to proceed in forma pauperis.

16         Venue is proper because the conviction was obtained in Alameda County, which is

17  in this district.  *See* 28 U.S.C. § 2241(d).

18                              **BACKGROUND**

19         A jury found petitioner guilty of second degree murder with personal use of a firearm.

20  With enhancement for one prior strike felony, he was sentenced to prison for sixty years to

21  life.  He unsuccessfully appealed his conviction to the California Court of Appeal, and his

22  state habeas petitions were denied.

23                              **DISCUSSION**

24  **A.     Standard of Review**

25         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

26  custody pursuant to the judgment of a State court only on the ground that he is in custody

27  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

28  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

**United States District Court**
For the Northern District of California

1  heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

2  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

3  pursuant to a judgment of a state court must "specify all the grounds for relief which are

4  available to the petitioner ... and shall set forth in summary form the facts supporting each

5  of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

6  foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

7  that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes

8  (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which

9  appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon*

10 *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

11 concurring).

12 **B.    Legal Claims**

13        As grounds for federal habeas relief, petitioner asserts that:  (1) His conviction was

14 not supported by sufficient evidence that he was the perpetrator; (2) the prosecutor

15 engaged in misconduct; (3) the court of appeal erred in applying California law to his

16 sentence; (4) his due process rights were violated by the trial court's giving CALJIC 2.04

17 when there was not sufficient evidence to support giving it; and (5) his right to trial by jury

18 was violated when the sentencing court imposed an upper-term sentence based on facts

19 not tried to and found by a jury.

20        Claim three involves only a state law issue, which cannot be the basis for federal

21 habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  That claim will be

22 dismissed.  These other claims are sufficient to require a response.

**CONCLUSION**

23

24        1.  Claim three is **DISMISSED**.

25        2.  In view of petitioner's balance in his prisoner trust account, leave to proceed in

26 forma pauperis (document number 3 on the docket) is **DENIED**.  Petitioner shall pay the

27 five-dollar filing fee within thirty days of the date this order is entered.  If he does not, this

28 will be dismissed.  His check or money order should include the case number of this case,

**United States District Court**
For the Northern District of California

1    C 08-1200 PJH (PR), so the payment is properly applied.

2        3.  The clerk shall serve by regular mail a copy of this order and the petition and all

3    attachments thereto on respondent and respondent's attorney, the Attorney General of the

4    State of California.  The clerk also shall serve a copy of this order on petitioner.

5        4.  Respondent shall file with the court and serve on petitioner, within sixty days of

6    the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

7    Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

8    granted.  Respondent shall file with the answer and serve on petitioner a copy of all

9    portions of the state trial record that have been transcribed previously and that are relevant

10   to a determination of the issues presented by the petition.

11       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

12   the court and serving it on respondent within thirty days of his receipt of the answer.

13       5.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

14   answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

15   Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

16   and serve on respondent an opposition or statement of non-opposition within thirty days of

17   receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

18   within fifteen days of receipt of any opposition.

19       6.  Petitioner is reminded that all communications with the court must be served on

20   respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

21   must keep the court informed of any change of address and must comply with the court's

22   orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

23   failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

24   *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

25       **IT IS SO ORDERED.**

26   Dated:  April 11, 2008.    _____

27                                          PHYLLIS J. HAMILTON
                                            United States District Judge

28   G:\PRO-SE\PJH\CR.08\LEE1200.OSC.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ANTONE LEE,

               Petitioner,

  v.

KEN CLARK et al,

               Respondent.

_____/

Case Number: CV08-01200 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Antone J. Lee V-88797
S.A.T.F. Corcoran State Prison
C-3-109
P.O. Box 5244
Corcoran, CA 93212

Dated: April 11, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk