UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONE LEE,

    Petitioner,

vs.

DERRAL G. ADAMS, Warden,

    Respondent.

No. C 08-1200 PJH (PR)

**ORDER DENYING MOTIONS FOR CERTIFICATE OF APPEALABILITY AND FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

    This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. Petitioner has filed a notice of appeal, a motion to proceed in forma pauperis ("IFP") on appeal, and a motion for a certificate of appealability ("COA")

**DISCUSSION**

    A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

    "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

For the reasons set out in the order denying the petition, the court concludes that reasonable jurists would not find the court's assessment of the constitutional claims debatable or wrong.  The request for a certificate of appealability (document number 29 on the docket) is **DENIED**.  Petitioner's motion for leave to proceed IFP on appeal (document 31) is **DENIED** without prejudice to renewing it if the Court of Appeals grants a COA.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).   Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: March 2, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\LEE1200.COA.wpd